Isidore D. Morrison, Plaintiff, *v.* New York Life Insurance Company, Defendant.

Supreme Court, Bronx County, February 19, 1935.

*T. Margolish*, for the plaintiff.

*Louis H. Cooke* [*D. C. Leo* of counsel], for the defendant.

Cotillo, J. This action has been brought to recover the sum of $4,817, representing the total of five annual premiums in the sum of $963.40 each, due on the 21st days of November, 1928, to 1932, under a policy of life insurance issued by the defendant on the life of the plaintiff. The policy contained a provision for total and permanent disability benefits under the conditions specified in the policy. It was conceded upon the trial that the plaintiff became totally and permanently disabled on or about November 1, 1928, but that he did not make any claim or furnish the defendant with any proof of his physical condition until on or about August 24, 1933; that on that date he did file a claim, together with proof of his physical condition, and the defendant waived the payment of the annual premium which would become due on November 21, 1933, but refused to waive retroactively payment of the premiums due in the years 1928 to 1932, inclusive.

The action itself is based upon money had and received, the contention of the plaintiff being that, as long as it was conceded that the plaintiff became totally disabled on November 1, 1928, there was no duty or obligation on his part to pay any premiums, and the same, having been received by the defendant, must be returned.

This action depends upon a construction of the terms of the policy, the pertinent provision of which is as follows: " If after this policy

shall have been in force one full year and before default in the payment of· any premium, the Company receives due proof that the insured before attaining the age of sixty years has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the Company shall waive payment of each premium as it thereafter becomes due during the insured's said disability."

There is no ambiguity in this provision of the policy. It sets forth in clear and unmistakable terms that after the filing of notice of disability and proof thereof premiums shall be waived. In view of the concession that the premiums were waived after notice and that for the period prior to the date of notice the plaintiff paid the yearly premiums without any compulsion or fraud on the part of the company, it is clear that no recovery can be had for those premiums already paid.

Judgment for the defendant.